## JOHNSON vs. THE CITY OF ATLANTA.

1. There was no error in admitting the testimony of Buchanan to the effect that, on the night when the defendant was charged to have kept liquor for illegal sale, he saw a negro in a closet in the rear portion of the defendant's store, selling whiskey, and heard money jingling; and that the negro went back into the closet to where a small hole opened into the place occupied by defendant.
2. There was sufficient evidence to sustain the finding of the recorder that the defendant was guilty; he acted as both judge and jury; it was for him to believe or disbelieve the witnesses, and this court will not say that he erred; nor was there error in refusing to grant the writ of *certiorari*.

October 4, 1887.

Criminal Law. Evidence. New Trial. Before Judge RICHARD H. CLARK. Fulton County. At Chambers, August 13, 1887.

The evidence set forth in the petition for *certiorari* was, in brief, as follows: Defendants' place of business had a barber-shop in front separated by a partition from the rear portion of the room, which contained a long counter with a refrigerator on its end and cigar-boxes piled on top. A

water-closet was in the rear of the room, having, in its partition wall, a hole about three inches long and one inch wide that looked as if it had recently been made. On the night of August 6, 1887, a city detective, through a window in the rear, saw defendant pour something from a bottle into a glass, and a man's hand take the glass full and return it empty; saw no money pass, but saw some on the counter; and subsequently saw several men at the counter, but no drinking or money. A search was made and three or four gallons of whiskey found in the room. Buchanan, another detective, testified that he saw a negro in the closet selling whiskey, and heard money jingling, and that the negro went back into the closet to the hole mentioned. (This testimony was objected to on the ground that the negro had been convicted for this selling, and no connection of it with defendant was shown. The negro's conviction was admitted, but it was claimed by the city that the selling was sufficiently connected with defendant by the proof of the closet, hole, and jingling of money in his store.) Buchanan and Orim found whiskey in the house in demijohns and a bottle, also a lot of glasses and empty bottles.

The evidence for the defendant was, in brief, as follows: The negro in the closet had nothing to do with defendant and did not work for him. He bought the whiskey he had on another street, and came to defendant's place to be shaved. He went into the closet, and while taking a drink, was arrested by Buchanan for selling whiskey. He sold no whiskey, and did not know the hole was there. It was cut, about three or four months previously, by a carpenter for a lock. The whiskey found in the demijohns, etc. was shipped to defendant and belonged to him and his brother. They bought it to take home for family use. Defendant kept no whiskey and sold none, but kept soda water and ginger ale in bottles and sold them.

The defendant assigned error in the recorder's judgment, **(1)** in admitting the testimony of Buchanan, and (2) in

adjudging that he was guilty under the evidence, it being entirely circumstantial and not excluding every other reasonable hypothesis but that of his guilt.

MAYSON & HILL, for plaintiff in error.

J. B. GOODWIN; J. T. PENDLETON, for defendant.

SIMMONS, Justice.

P. R. Johnson was summoned before the recorder of the city of Atlanta, charged with violating one of the ordinances of said city, in " keeping for unlawful sale in said city spirituous, malt and other intoxicating beverages." Upon the trial of the case before the recorder, he found Johnson guilty. He sued out a writ of *certiorari* to the superior court, which was refused by the judge, and he brings his writ of error to this court, alleging that the judge committed error in not granting him the writ of *certiorari*.

We hold that the judge did right in refusing the writ of *certiorari*, because :

1. There was no error in the recorder's admitting the testimony of Buchanan.

2. There was sufficient evidence to sustain the finding of the recorder. He acted as both judge and jury, and it was for him to believe or disbelieve the witnesses sworn on the trial.

They were before him ; he saw their manner of testifying, knew their interest in the case, knew their characters, and had a right, under the law, when the evidence was conflicting, to believe one and disbelieve the other. He exercised that right, and we will not say that he erred.

Judgment affirmed.